IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**EARL DEAN ALLEN**,

    Plaintiff,

v.

**T MOBILE**, **ATT**, and **Verizon**,

    Defendants.
_____

**Civ. No. 6:14-cv-01206-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff, *pro se*, brings this motion to proceed in forma pauperis, ECF No. 2, and an action against T-Mobile, AT&T, and Verizon Wireless for unspecified claims,[1] ECF No. 1.

    This Court may dismiss a claim *sua sponte* under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citations omitted). Likewise, if a plaintiff proceeds *in forma pauperis*, this Court is required to dismiss "the case at any time if the court determines that" the action or appeal is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Upon review, plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED, and plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

## STANDARD OF REVIEW

    "In civil rights cases where the plaintiff appears pro se, [this Court] must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A.*

---

[1] Plaintiff did not indicate the "nature of the suit" on the civil cover sheet is submitted to this Court. Compl. 1, ECF No. 1-1.

1 – OPINION AND ORDER

*Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citations omitted). This Court must give a *pro se* litigant "leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id*. (citations and internal quotation marks omitted). "Moreover, before dismissing a pro se civil rights complaint for failure to state a claim, [this Court] must give the plaintiff a statement of the complaint's deficiencies." *Id*.

## DISCUSSION

Plaintiff, in his complaint, seeks relief from alleged privacy violations and possible billing disputes.[2] To survive this assessment under FRCP 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this standard, plaintiff's alleged facts must constitute "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Court must assume that the allegations contained in the complaint are true. *Id*.

Plaintiff's allegations, at least as currently articulated, are insufficient to state a claim. To properly state a claim, plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2).[3] Because plaintiff's allegations are insufficient to demonstrate "plausibility," plaintiff's complaint is DISMISSED with leave to amend.

## CONCLUSION

---

[2] Plaintiff contends that the telecommunication providers "track [him]" on his I-Phone. *See* Compl. 3–5, ECF No. 1.
[3] For example, plaintiff could potentially assert a claim for "intrusion upon seclusion" as an "invasion of privacy" tort. *Trout v. Umatilla Cnty. Sch. Dist. UH3-Milton-Freewater (McLoughlin Union High Sch.)*, 77 Or. App. 95, 99 (1985). "A defendant is liable for intruding upon the seclusion of another 'only when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs.'" *Id*. at 100 (quoting Restatement (Second) Torts § 625B (1977)).

For these reasons, plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED, and plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend. **Plaintiff is allowed 30 days from the date of this order to file an amended complaint curing the deficiencies identified above**.

IT IS SO ORDERED.

DATED this 1st day of August, 2014.

_____s/Michael J. McShane_____
**Michael J. McShane
United States District Judge**